# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

In re: Michael A. Settimio ) Case Number 24-10052
) Chapter 13 Proceedings
Debtor(s) ) Judge Jessica E. Price Smith

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION

Now comes LAUREN A. HELBLING, the duly appointed and qualified Standing Chapter 13 Trustee (the "Trustee") herein, and objects to the confirmation of the proposed Chapter 13 Plan and hereby represents the following:

1. The Debtor(s) filed for bankruptcy relief on January 8, 2024.

2. The Trustee objects to confirmation of the proposed plan on the following grounds:

☐ WAGE ORDER: The Plan indicates Debtor(s) will make direct payment to the Trustee, but no Motion to Opt-Out of Administrative Order 17-3 has been filed.

☐ RECENT TAX RETURN: The Debtor has failed to supply the Trustee with a copy of the federal income tax return required under applicable law for the most recent tax year ending immediately before the commencement of the case and for which a federal income tax return was filed [§521(e)(2) and §1325(a)(1) of the Bankruptcy Code].

☐ FEASIBILITY: The plan is not feasible in that it exceeds sixty months [§1322(d)].

☐ CONDUIT: The Debtor has not provided for the payment of ongoing mortgage payments through the plan, or the Debtor has not filed a motion to opt out of the conduit mortgage system mandated by Administrative Order 17-4.

☐ PLAN: The Debtor has not used the form plan mandated by Bankruptcy Rule 3015(c). Specifically, ____ .

■ PROSECUTION: Without the following information and/or documents the Trustee cannot properly administer the case of the Debtor [§521 (a)(3)]:
  ■ Recent pay advices for the Debtor. Specifically, last pay advice for 2023.
  ☐ Recent pay advices for the non-filing spouse.
  ☐ Recent federal income tax return for the non-filing spouse.
  ☐ Evidence of income from ____ .
  ☐ Affidavit from ____ for his/her/their contribution of ____ /month.
  ☐ Business information for each business owned by the Debtor:
    ☐ Completed business questionnaire with supporting financial information.
    ☐ Two years recent federal income tax returns.
    ☐ Balance Sheet as of the date of the bankruptcy filing.
    ☐ Income and Expense Statement for the twelve-month period prior to the date of the bankruptcy filing.
    ☐ Projected month-to-month Cash Flow Statement for the twelve-month period following the date of the bankruptcy filing.

- ☐ A statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income, as required by Schedule I, line 8a.
- ☐ Evidence of business insurance.
- ☐ Other: ____.
- ☐ Other: ____.
- ☒ Payment advices and/or other documentation of all income received during the six-month period prior to the month the bankruptcy petition was filed.
- ☐ Evidence of payment of all domestic support obligations that have become payable under said obligation since the date of filing of the petition [§1325(a)(8)].
- ☒ Depository and/or investment account statements for the month the bankruptcy petition was filed and the preceding 12 months.
- ☒ Evidence of real property insurance.
- ☐ Evidence of motor vehicle insurance.
- ☒ Other: 2023 Federal Tax Return.
- ☒ Other: Amend Schedule A/B and Statement of Financial Affairs to disclose assets and transfers disclosed in divorce/property settlement agreement.
- ☒ Other: Documentation to support household size of 3 as debtor is already deducting child support payments.
- ☒ Other: Documenation to support $100.00 childcare/education cost on Schedule J and Form 22C-2.

☐ OMITTED CLAIM(S): The plan fails to provide for claims that should or must be specifically referenced in the plan [§1322(b)(5), and/or §1325(a)(5)]. Specifically, ____.

☐ DOMESTIC SUPPORT OBLIGATION(S): The Trustee has reason to believe the Debtor has a domestic support obligation, but the Debtor has not supplied the Trustee with the information which would allow the Trustee to perform the Trustee's duties mandated by §1302(d).

☐ FIXED PAYMENT(S): The plan either does not provide for monthly payments to creditors in Paragraphs 3.1, 3.2, 3.3, 3.4, 5.2, and/or 5.3, or the fixed payments provided are so large that they cannot be met under the proposed monthly plan payment, while at the same time providing for administrative costs [§1325 (a)(5)].

☐ APPLICABLE COMMITMENT PERIOD: The Debtor has designated the incorrect applicable commitment period on Form 122C or the Debtor has stated the applicable commitment period in Part 8.1.

☐ DISPOSABLE INCOME: The Trustee either does not believe or cannot determine if the Debtor is devoting all projected disposable income for the applicable commitment period to unsecured creditors [§1325(b)(1)(B)]. Specifically, ____.

☒ LIQUIDATION: The Trustee believes the plan does not provide unsecured creditors with an amount equal to or greater than they would receive in a Chapter 7 liquidation proceeding [§1325 (a)(4)]. Specifically, the Trustee cannot determine if this code section is met until the Debtor discloses all assets and transfers.

☒ GOOD FAITH: The Trustee believes the Debtor has not offered the plan in good faith [§1325(a)(3)]. Specifically, the Debtor paid an insider within the past 12 months $10,000 but has not offered to pay general unsecured creditors that amount in the next 24 months. In addition the

Debtor's divorce decree/separation agreement disclosed numerous transfers and assets not discslosed.

☐ NOTICING: The Debtor has failed to file a certificate of service evidencing that creditors have been properly served with the:
  ☐ Chapter 13 plan.
  ☐ Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines.

☐ PLAN PROVISIONS: The Trustee disagrees with the treatment of plan paragraphs ____ for the following reasons: ____.

■ OTHER: Amend Statement Finanical Affairs to dicslose prior residences and preference payments.

■ OTHER: Based on documents the Debtor provided to the Trustee Schedule A/B needs to be amended to disclose Fidelity account that is not a Roth IRA.

■ OTHER: Accounting with documentation to support how funds received from the Debtor's divorce, withdrawal from brokerage/bank accounts, insurance check from vehicle accident, and 401k loan were spent in the past two years.

■ OTHER: Appraisal of firearms.

3. This is an ongoing objection and is intended to be an objection to any subsequent plan filed by the Debtor(s).

4. The Trustee reserves the right to amend and/or supplement this objection should additional information be provided.

WHEREFORE, the Trustee prays this Court deny confirmation of the proposed plan for the foregoing reasons and requests the case be dismissed.

/S/ Lauren A. Helbling
LAUREN A. HELBLING (#0038934)
Chapter 13 Trustee
200 Public Square, Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268    Fax (216) 621-4806
Ch13trustee@ch13cleve.com

## CERTIFICATE OF SERVICE

I certify that on February 22, 2024, copies of this Trustee's Objection to Confirmation were served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

    Eric James Ashman, Attorney on behalf of Debtor at bk_department@amourgis.com

/S/ Lauren A. Helbling
LAUREN A. HELBLING (#0038934)
Chapter 13 Trustee
200 Public Square, Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268    Fax (216) 621-4806
Ch13trustee@ch13cleve.com